UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARL NEWHOUSE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES AIR FORCE,<br><br>Defendant. | Case No. 3:25-cv-05827-TMC<br><br>ORDER GRANTING MOTION TO DISMISS |

## I. INTRODUCTION

Self-represented Plaintiff Carl Newhouse brings claims under Title VII of the 1964 Civil Rights Act, the Rehabilitation Act, and the Americans with Disabilities Act ("ADA"). Dkt. 43 at 3. Before the Court is Defendant's motion to dismiss Mr. Newhouse's second amended complaint (Dkt. 47), Plaintiff's motion for summary judgment (Dkt. 53), and Plaintiff's motion to expedite the summary judgment decision. Dkt. 58. For the reasons below, the Court GRANTS Defendant's motion. The Court DENIES Plaintiff's motion for summary judgment and his motion to expedite as MOOT.

## II. BACKGROUND

After this Court granted two separate motions for a more definite statement under Federal Rule of Civil Procedure 12(e) (Dkts. 32, 42), Mr. Newhouse filed the second amended complaint

on March 31, 2026. Dkt. 43. In granting Defendant's first motion for a more definite statement, the Court described Mr. Newhouse's claims as follows:

> Mr. Newhouse's claims arise from an MSPB decision against him regarding accommodations under the [ADA]. Dkt. 1 at 3. He alleges that he worked in the Air Force during the COVID-19 pandemic, that he requested that he be allowed to work fully remotely, that Defendant denied this request, and that Defendant lied in denying the request and defending itself in the [Merit System Protection Board] proceedings. *Id*. at 5–7. The complaint centers on the claim that Defendant was untruthful when it represented that Mr. Newhouse's duties required "regular and in person customer interaction that cannot be duplicated in a Teleworking Environment." *Id*. at 3, 29–30. He alleges Defendant violated the Washington Rules of Professional Conduct ("RPC"), Article 131 of the Uniform Code of Military Justice, and federal criminal statutes prohibiting perjury (18 U.S.C. § 1621, 1623). *Id*. at 2.
>
> The complaint is difficult to follow. Mr. Newhouse does not format his claims in numbered paragraphs as required by Rule 10, nor does he explain which of Defendant's actions violated which laws, and how. To the extent he alleges discrimination, Mr. Newhouse only vaguely describes adverse employment actions—such as the fact that Defendant "increased [his] workload." *Id*. at 11. As Defendant notes, it is unclear "whether Plaintiff challenges the voluntariness of his resignation, alleges discrimination leading up to that resignation, seeks review of the MSPB's decision itself, or asserts claims based on conduct collateral to the employment action." Dkt. 26 at 5. Although this may be attributed to Mr. Newhouse originally filing his case as an appeal in the Federal Circuit, rather than an initial complaint in District Court, now that the case has been transferred, his opening pleading should be amended to comply with Rules 8 and 10.

Dkt. 32 at 2–3. The Court ordered Mr. Newhouse to file an amended complaint which (1) sets forth his factual allegations in discrete numbered paragraphs; (2) sets forth his legal claims against Defendant; and (3) specifies the factual allegations relevant to each of his claims against Defendant. *Id*. at 4. The Court gave Mr. Newhouse examples of facts that he should include. *See id*. at 3 ("If claiming that Defendant failed to reasonably accommodate his disability, for example, Mr. Newhouse should explain the relevant facts known to him—such as the requested accommodation, why he needed it, who denied it and when—and explain why he believes that

denial was unreasonable"). After Mr. Newhouse failed to comply with the first order, the Court granted Defendant's second Rule 12(e) motion on March 23, 2026. Dkt. 42.

On March 31, 2026, Mr. Newhouse amended his complaint. Dkt. 43. The complaint is two pages long and contains the following statement of claims:

> 1. From July 2021 to December 2021 Col. Brian Collins, the Petitioner's supervisor, confessed that during this period he decided to neglect to treat the Petitioner, an African American disabled Veteran, differently than his white colleagues.
>
> 2. On December 9, 2021, the Defendant lied to deny the Petitioner a disabled Veteran, "Reasonable Accommodations" as required by law. The denial of "reasonable accommodations" and the "disparate treatment" created an intolerable working environment forcing the Petitioner to take a Constructive Discharge (Docket 8).

Dkt. 43 at 2–3. Defendant moved to dismiss these claims on April 13, 2026, arguing that the second amended complaint still fails to state a claim and does not comply with the Court's order. Dkt. 47. Mr. Newhouse filed a motion for summary judgment on June 5, 2026.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Rule 12(b)(6) motions may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

To survive a Rule 12(b)(6) motion, the complaint "does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

The Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party," *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014), but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (internal quotation marks and alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Finally, the Court must construe a pro se plaintiff's pleadings liberally and "afford the [plaintiff] the benefit of any doubt." *Boquist*, 32 F.4th at 774 (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). But even when considering a pro se litigant's pleadings, the Court does not assume the truth of legal conclusions presented as facts, and mere conclusory statements are not enough to support a claim. *Iqbal*, 556 U.S. at 678. "A liberal construction of a pro se complaint . . . does not mean that the court will supply essential elements of a claim that are absent from the complaint." *Boquist*, 32 F.4th at 774 (citing *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014)).

## IV. DISCUSSION

In support of their motion to dismiss, Defendants argue that Mr. Newhouse "once again fail[ed] to follow the Court's clear instructions" and does not state a plausible claim for relief in his second amended complaint. Dkt. 47 at 3. This Court agrees.

When the Court twice ordered Mr. Newhouse to amend his complaint, it did so because he had failed to meet the basic pleading standards of Rule 8 and did not plausibly state a claim for relief. Dkts. 32, 42. Mr. Newhouse's second amended complaint alleges only that (1) Mr. Newhouse's supervisor "confessed" that "he decided to neglect and treat [Mr. Newhouse], an African American disabled Veteran, differently than his white colleagues"; (2) Defendant lied to Mr. Newhouse to deny him reasonable accommodations; and (3) the denial of reasonable accommodations and disparate treatment created a hostile work environment and forced Mr. Newhouse into a constructive discharge. Dkt. 43 at 2–3.

Mr. Newhouse's allegations are as conclusory and confusing as those in the first two iterations of his complaint. His second amended complaint is also much shorter and contains *less* detail than previous versions. *Compare* Dkt. 43 at 2–3 (second amended complaint) *with* Dkt. 36 at 2–8 (first amended complaint) *with* Dkt. 1 at 3–13 (Mr. Newhouse's appeal in the Federal Circuit, which he filed as his original complaint). The basic facts of the alleged discrimination—including how Mr. Newhouse's supervisor treated him differently, the accommodations that Mr. Newhouse requested, and the reasoning that Defendant provided for denying those accommodations—remain unclear.

In response to Defendant's motion to dismiss, Mr. Newhouse argues that the Court should also consider facts alleged in his previous complaints and other submissions. Dkt. 50 at 5 (citing Dkts. 1, 8, 36). The Court also found those complaints deficient under Rule 8, however. Dkts. 32, 42. In any event, an amended complaint "must be complete in itself . . . because it replaces the previously filed complaint." *Smith v. Vencil*, No. 23-CV-05530-RFL, 2023 WL 9317823, at *3 (N.D. Cal. Dec. 1, 2023) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended (*May 22, 1992)). While the Court must construe a pro se complaint liberally, it is not required to scour the docket and piece together all factual allegations outside the

complaint that Mr. Newhouse may have asserted during this case. The Court provided Mr. Newhouse with resources for pro se litigants when it first ordered him to amend the complaint on February 4, 2026. Dkt. 32 at 4. These resources contain a complaint form as well as an explanation of the purpose and structure of a complaint. *See* United States District Court for the Western District of Washington, *Pro Se Guide to Filing Your Lawsuit in Federal Court*, https://www.wawd.uscourts.gov/sites/wawd/files/ProSeGuidetoFilingYourLawsuitinFederalCourt.pdf (July 2024). The Court is therefore not inclined to consider Mr. Newhouse's other filings in determining whether Mr. Newhouse has met the basic pleading requirements of Rule 8.

In its second order directing Mr. Newhouse to amend the complaint, the Court warned that failure to cure the deficiencies identified by the Court would result in dismissal. Dkt. 42 at 2. The Court thus finds that dismissal is appropriate here. *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) ("[T]he judge may in his discretion, in response to a motion for more definite statement under Federal Rule of Civil Procedure 12(e), require such detail as may be appropriate in the particular case, and may dismiss the complaint if his order is violated").

## V. CONCLUSION

The Court GRANTS Defendant's motion to dismiss. Dkt. 47. Mr. Newhouse's claims are DISMISSED WITHOUT PREJUDICE.

The Court DENIES Mr. Newhouse's motion for summary judgment[1] and motion to expedite. Dkts. 53, 58.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

[1] Mr. Newhouse alleges several new facts in his motion for summary judgment. Dkt. 53. Because these facts were not included in the complaint but instead filed in a brief more than a month after the April 22, 2026 deadline for an amended complaint, the Court did not consider these facts in dismissing Mr. Newhouse's complaint.

Dated this 19th day of August, 2026.

Tiffany M. Cartwright
United States District Judge